UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| V. | NO. 04-0094 |
| DONALD SYLVESTER | SECTION "F" |

ORDER AND REASONS

Before the Court are two motions by Donald Sylvester seeking sentence reduction to time served and supervised released under the First Step Act of 2018 and for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motions are DENIED.

**Background**

A federal prisoner serving six life sentences for drug trafficking, firearms offenses, and murder, including murdering a witness in a federal drug investigation, seeks compassionate release.

Following a jury trial, Donald Sylvester was convicted of conspiracy to possess with intent to distribute cocaine and crack (count 1), possession with intent to distribute cocaine(count 2), conspiracy to possess firearms in furtherance of a drug trafficking crime and federal crimes of violence (count 3), using and carrying a firearm in the murder of Demetra Norse (count 4), conspiracy to

1

murder Demetra Norse to prevent her attendance or testimony at a federal trial (count 5), murder of Demetra Norse to prevent her attendance or testimony at a federal trial (count 6), conspiracy to murder Demetra Norse in retaliation for Norse providing material information to law enforcement (count 7), murder of Demetra Norse in retaliation of her testimony at a federal trial and providing material information to law enforcement (counts 8 and 9), and felony possession of a firearm (count 11).[1]

On June 4, 2008, Donald Sylvester was sentenced to life in prison for counts 1, 4, 5, 6, 7, 8, and 9, 360 months for count 2, 240 months for count 3, and 120 month for count 11 all to be served concurrently. Counts 1, 5, 6, 7, 8, and 9 carried mandatory life sentences. Sylvester filed an appeal which was denied. He subsequently filed a 28 U.S.C. § 2255 petition that was denied. His request for leave to file a second § 2255 petition in August 2020 was denied.

Sylvester has a multitude of underlying health conditions that place him at higher risk during the COVID-19 pandemic. His underlying health conditions include type 2 diabetes, hyperlipemia, hypertension, obesity, and glaucoma. Citing these health issues, Sylvester requested compassionate release from the

---

[1] Sylvester was acquitted on Count 10, which charged conspiracy to murder Tyrone McCaskill with the intent to prevent his testimony at a federal drug trial.

Warden of FCI Williamsburg on August 23, 2020. This request was denied on September 16, 2020. By two motions, Sylvester now moves to reduce his sentence on an emergency basis.

I.

Courts generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). Few exceptions apply. Since passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), federal courts "may reduce the term of imprisonment" upon an inmate's request and demonstration of certain criteria. § 3582(c)(1)(A); see also United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020)(As amended, § 3582(c) provides that the Court "on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'").[2]

"The First Step Act and COVID-19 have redefined the compassionate release landscape." United States v. Jones, 980 F.3d 1098, 1100-01 (6th Cir. 2020)("The First Step Act of 2018's provision allowing incarcerated persons to file their own § 3582(c)(1)(A) motions coupled with COVID-19's pernicious presence in federal prisons triggered a massive upswing in imprisoned

---

[2] Before 2018, only the Bureau of Prisons could request that a court modify a prisoner's sentence.

persons seeking compassionate release; 10,940 persons applied for compassionate release in the first three months of the pandemic alone."). A new statutory remedy coupled with an historic pandemic presenting unique challenges to institutional living environments has triggered a perfect storm for interpretation conflicts in the case literature. Here, it is only necessary to consider the applicable § 3553(a) factors.

## II.

Sylvester moves for a sentence reduction and for compassionate release under 18 U.S.C. § 3582(c) due to his chronic health conditions.[3] The government opposes Sylvester's request for a sentence reduction or compassionate release because the § 3553(a) factors weigh strongly in favor of denying Sylvester's request. Because all agree that Sylvester exhausted his administrative remedies within the Bureau of Prisons[4] and that his medical conditions constitute extraordinary and compelling circumstances,[5]

---

[3] The First Step Act of 2018 amended 18 U.S.C. § 2582(c) to allow prisoners to move for compassionate release on their own behalf. See PUB. L. NO. 115-391, 132 STAT. 5239. Before the amendment, only the Director of the Bureau of Prisoners could move for compassionate release.

[4] The administration exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is met because it has been 30 days since the Warden of FCI Williamsburg received Sylvester's request for sentence reduction with home supervision or compassionate release.

[5] Sylvester's conditions include type 2 diabetes, hyperlipemia, hypertension, obesity, and glaucoma. Type 2 diabetes is a health condition with severe risk of complications from COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

4

the Court turns directly to consideration of the § 3553(a) factors. As the § 3553(a) factors weight against Sylvester, he is ineligible for a sentence reduction or compassionate release.

Even assuming that Sylvester has demonstrated that his health conditions constitute extraordinary and compelling reasons for compassionate release, the Court must deny his request for a sentence reduction. When considering whether to reduce a term of imprisonment, the Court is obliged to review the factors set forth in § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A). In Sylvester's case, the government submits that consideration of the applicable section 3553(a) factors and the fact that Sylvester remains a danger to the community weigh against early release. The Court agrees.

Once an inmate satisfies the mandatory exhaustion requirement, the statute directs the Court to consider the factors set forth in § 3553(a) to the extent they are applicable. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the offense's seriousness or promote respect for the law or to afford adequate deterrence, and

---

And, hypertension and obesity are conditions that the CDC indicates "might" increase the risk of severe illness. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

to protect the public from further crimes; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. Balancing the applicable factors falls within the Court's discretion and mere disagreement with how the factors are balanced is insufficient to warrant relief on appeal. United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). In this case, the first two factors persuade the Court that a sentence reduction is unwarranted.

First, considering the nature and circumstances of the offense and the history and characteristics of the defendant: Sylvester was convicted on multiple counts of the murder of Demetra Norse, drug trafficking offenses, and firearm possession. Demetra Norse was a witness for the government in a federal drug investigation. Sylvester was convicted of the premeditated and deliberate murder of Ms. Norse for the purpose of retaliating against her for her testimony. As the government recalls from the trial testimony, Sylvester was hired to kill her, and he gunned her down on the street in broad daylight. Additionally, Sylvester has multiple prior felony drug convictions.

Second, the Court considers the need for the sentence imposed. The mandatory life sentences required by multiple counts of conviction underscores the seriousness of Sylvester's offenses. While Sylvester argues his clean prison record shows he has reformed, the government provides evidence that he was just disciplined for attempting to bribe a prison guard.  Even if Sylvester's prison record was completely clean and even if he demonstrated remorse and rehabilitation his actions while incarcerated do not mitigate the seriousness of the offense. The sentence imposed continues to reflect the seriousness of the offenses, continues to promote respect for the law and provides just punishment whereas a reduction would thwart these objectives. The life sentences continue to be necessary to protect the public from further serious crimes.

 Due to the nature and circumstances of the offense as well as the need for the sentence imposed to promote respect for the law, afford adequate deterrence, and protect the public from further crimes, the Court finds that consideration of the § 3553(a) factors weigh heavily against granting Sylvester a sentence reduction.

\*\*\*

Accordingly, for the foregoing reasons, IT IS ORDERED: that Donald Sylvester's motions seeking a sentence reduction or compassionate release are DENIED.

New Orleans, Louisiana, March 31, 2021

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE