UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

v.                                               NO. 04-94

DONALD SYLVESTER                                 SECTION "F"


ORDER AND REASONS

"Eligibility for resentencing under the First Step Act does not equate to entitlement. . . . To the contrary, the decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion." United States v. Batiste, 980 F.3d 466, 471 (5th Cir. 2020) (citations omitted).

Because there is no world in which it would be a just and beneficial use of this Court's discretion to afford any permissive leniency to a defendant serving a life sentence for murdering a federal witness in exchange for $5000,[1] the defendant's motion for

---

[1] The weaknesses in the defendant's position do not end with the revolting nature of his crimes, which sadly are not limited to the murder-for-hire at the heart of this case. The Government notes, for instance, that the jury found the defendant guilty of conspiring to distribute five *kilograms* of powder cocaine and merely five *grams* of crack cocaine. For that reason, whether or not the defendant's drug dealing conviction is implicated by the First Step Act and the Fair Sentencing Act as a technical matter, it is certainly not an example of the kind of disparate sentencing outcome that motivated Congress's passage of the First Step Act.

1

a sentence reduction under the First Step Act is DENIED, irrespective of whether the defendant is *eligible* for a reduction under the statute and its many technicalities.[2]

                New Orleans, Louisiana, June 30, 2021

                _____
                    MARTIN L. C. FELDMAN
                  UNITED STATES DISTRICT JUDGE

---

[2] In dutifully devoting extensive attention to the issue of the defendant's *eligibility* for a sentence reduction under the First Step Act, the parties bury the lede. Indeed, an Act of Congress giving federal courts discretion to reconsider the sentences of certain (mostly nonviolent) offenders is little help to a defendant whose conviction for a gruesome contract-*killing* was sustained on appeal and collateral review.